E-FILED IN OFFICE - MB
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**22-C-04328-S1**

**9/16/2022 5:00 PM**

**TIANA P. GARNER, CLERK**

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT TAYLOR CUSHMAN, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. 22-C-04328-S1 |
| | ) | |
| v. | ) | |
| | ) | |
| AXXIOM MANUFACTURING, INC. and | ) | |
| ALLREDI, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER OF DEFENDANT ALLREDI, LLC

Defendant Allredi, LLC ("Defendant"), by and through its counsel, hereby files its Answer in response to the Complaint and Demand for Jury Trial (the "Complaint") filed by Plaintiff Robert Taylor Cushman ("Plaintiff"), as follows:

### FIRST DEFENSE

Defendant responds to the allegations in the numbered paragraphs of Plaintiff's Complaint as follows:

### ALLEGED NATURE OF THE ACTION

1. Defendant denies the allegations against Defendant set forth in paragraph 1 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 1 of the Complaint. To the extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 1 of the Complaint.

1

## ALLEGED PARTIES

2. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 2 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 3 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 5 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6. Defendant admits that it is a rental company that purchased the subject Aftercooler from Defendant Axxiom Manufacturing, Inc. ("Axxiom") for use in its Duluth, Georgia location. Defendant further admits that it rented the subject Aftercooler to Superior Industrial Maintenance Co. ("Superior"). Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in

paragraph 6 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 6 of the Complaint.

7. Defendant admits the allegations set forth in paragraph 7 of the Complaint.

8. Defendant admits the allegations set forth in paragraph 8 of the Complaint.

9. Defendant admits the allegations set forth in paragraph 9 of the Complaint.

10. Defendant admits that it rented the subject Aftercooler to Superior. Defendant denies that it delivered the Aftercooler to the Hartfield Jackson International Airport. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 10 of the Complaint. To the extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 10 of the Complaint.

11. Defendant admits that Chloe Castillo is an inside service representative at Defendant's Duluth, Georgia, location. Defendant denies the remaining allegations set forth in paragraph 11 of the Complaint.

12. Defendant admits that Chloe Castillo was a point of contact at Defendant for Peter Them at Superior and that she informed Peter Them that the subject Aftercooler would be available for rental to Superior. Defendant denies the remaining allegations set forth in paragraph 12 of the Complaint.

13. Defendant admits that, at all relevant times, Chloe Castillo was working within the scope and course of her employment with Defendant. Defendant denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. Defendant admits that a true and correct copy of an email from Chloe Castillo to Peter Them is referenced in paragraph 14 of the Complaint. Defendant denies any allegations in paragraph 14 of the Complaint that contradict or are inconsistent with such email, which is a written document that speaks for itself. Defendant denies the remaining allegations in paragraph 14 of the Complaint.

## ALLEGED JURISDICTION AND VENUE

15. Paragraph 15 of the Complaint states a legal conclusion to which no response from Defendant is required. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 15 of the Complaint.

16. Defendant admits that Axxiom sold Defendant equipment for use at its Duluth Georgia location. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 16 of the Complaint. To the extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. Defendant admits the allegations set forth in paragraph 17 of the Complaint.

18. Defendant admits that venue is proper as to Defendant. Defendant denies the remaining allegations asserted against Defendant in paragraph 18 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 18 of the Complaint. To the extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 18 of the Complaint.

## ALLEGED FACTS

19. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 19 of the Complaint.

20. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 20 of the Complaint.

21. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 21 of the Complaint.

22. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 22 of the Complaint.

23. Defendant admits the allegations set forth in paragraph 23 of the Complaint.

24. Defendant admits the allegations set forth in paragraph 24 of the Complaint.

25. Defendant admits that Superior rented the subject Aftercooler from Defendant. Defendant denies the remaining allegations asserted against Defendant in paragraph 25 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 25 of the Complaint. To the

extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 25 of the Complaint.

26. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 26 of the Complaint.

27. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 27 of the Complaint.

28. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 28 of the Complaint.

29. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 29 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 30 of the Complaint.

31. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 31 of the Complaint.

32. Defendant admits the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies the allegations set forth in paragraph 33 of the Complaint.

**COUNT I – STRICT LIABILITY/PRODUCT LIABILITY: AXXIOM**

Defendant incorporates its responses to paragraphs 1 through 33 of the Complaint as if fully set forth herein.

34. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 34 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 34 of the Complaint.

35. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 35 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 35 of the Complaint.

36. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 36 of the Complaint.

37. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 37 of the Complaint.

38. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 38 of the Complaint.

39. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 39 of the Complaint.

40. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 40 of the Complaint.

41. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 41 of the Complaint.

42. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 42 of the Complaint.

43. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 43 of the Complaint.

44. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 44 of the Complaint.

45. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 45 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 45 of the Complaint.

46. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 46 of the Complaint.

47. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 47 of the Complaint.

48. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 48 of the Complaint.

49. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 49 of the Complaint.

50. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 50 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 50 of the Complaint.

51. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 51 of the Complaint.

52. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 52 of the Complaint.

53. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 53 of the Complaint.

54. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 54 of the Complaint.

55. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 55 of the Complaint.

56. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 56 of the Complaint.

**COUNT II – PRODUCTS LIABILITY: FAILURE TO WARN/INSTRUCT - AXXIOM**

Defendant incorporates its responses to paragraphs 1 through 56 of the Complaint as if fully set forth herein.

57. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 57 of the Complaint.

58. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 58 of the Complaint.

59. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 59 of the Complaint.

### **COUNT III – NEGLIGENCE OF AXXIOM**

Defendant incorporates its responses to paragraphs 1 through 59 of the Complaint as if fully set forth herein.

60. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the Complaint. To the extent that a response is required, Defendant denies the allegations set forth in paragraph 60 of the Complaint.

### **COUNT IV – ALLEGED NEGLIGENCE OF ALLREDI**

Defendant incorporates its responses to paragraphs 1 through 60 of the Complaint as if fully set forth herein.

61. Defendant admits that Chloe Castillo was employed by Defendant at its location in Duluth, Georgia, and was acting in her authorized capacity as agent and employee of Defendant within the scope and course of her employment and/or under the direction and supervision of Defendant. Defendant denies the remaining allegations asserted against Defendant in paragraph 61 of the Complaint.

62. Defendant denies the allegations set forth in paragraph 62 of the Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant denies the allegations set forth in paragraph 64 of the Complaint.

65. Defendant denies the allegations set forth in paragraph 65 of the Complaint.

**ALLEGED INJURIES AND DAMAGES**

Defendant incorporates its responses to paragraphs 1 through 65 of the Complaint as if fully set forth herein.

66. Defendant denies the allegations asserted against Defendant in paragraph 66 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 66 of the Complaint. To the extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 66 of the Complaint.

67. Defendant denies the allegations asserted against Defendant in paragraph 67 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 67 of the Complaint. To the extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 67 of the Complaint.

68. Defendant denies the allegations asserted against Defendant in paragraph 68 of the Complaint. Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 68 of the Complaint. To the extent that a response is required, Defendant denies the remaining allegations set forth in paragraph 68 of the Complaint.

## SECOND DEFENSE

The Complaint fails to state a claim against Defendant for which relief can be granted.

## THIRD DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendant did not owe Plaintiff any duty of ordinary care as alleged.

## FOURTH DEFENSE

Plaintiff's claims fail, in whole or in part, because Defendant did not breach any duty of care owed to Plaintiff.

## FIFTH DEFENSE

Plaintiff's claim for negligence fails, in whole or in part, because any injuries or damages allegedly suffered by Plaintiff were not proximately caused by any acts or omissions of Defendant.

## SIXTH DEFENSE

If Plaintiff sustained any injuries or damages as alleged, those injuries or damages were caused by the acts, omissions or comparative fault of Plaintiff or others for whose conduct Defendant is not responsible.

## SEVENTH DEFENSE

Plaintiff's failure to exercise reasonable diligence to mitigate his alleged injuries and damages bars the recovery of some or all of his alleged injuries and damages.

## EIGHTH DEFENSE

Plaintiff's claims are barred in whole or in part because Defendant has at all times acted in good faith and without malice.

## NINTH DEFENSE

The imposition of punitive damages under the circumstances of this case would violate the Georgia Constitution and the United States Constitution.

## TENTH DEFENSE

To the extent any allegation is not specifically admitted, Defendant denies all allegations pursuant to O.C.G.A. § 9-11-8(b).

## ELEVENTH DEFENSE

Defendant denies that Plaintiff is entitled to any of the relief sought in his Prayer for Relief or to any relief whatsoever.

## TWELFTH DEFENSE

Defendant reserves the right to assert any additional affirmative defenses that may be disclosed during the course of additional investigation and discovery.

WHEREFORE, Defendant prays for the following relief:

a. That the Court dismiss the Complaint and enter judgment in Defendant's favor on all claims asserted against it by Plaintiff;

b. That the Court tax all costs of this action against Plaintiff; and

c. Such other relief to Defendant as the Court deems just and proper.

This 16th day of September, 2022.

                                      FISHERBROYLES, LLP

                                      _____
                                      VINCENT BUSHNELL
                                      Georgia Bar No. 098999
                                      vincent.bushnell@fisherbroyles.com
                                      945 East Paces Ferry Road NE
                                      Suite 2000
                                      Atlanta, Georgia 30326
                                      Tel: 678-902-7190

                                      *Attorneys for Defendant Allredi, LLC*

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| ROBERT TAYLOR CUSHMAN, | ) | |
| | ) | CIVIL ACTION |
| Plaintiff, | ) | NO. 22-C-04328-S1 |
| | ) | |
| v. | ) | |
| | ) | |
| AXXIOM MANUFACTURING, INC. and | ) | |
| ALLREDI, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## CERTIFICATE OF SERVICE

I have this day served the forgoing ANSWER OF DEFENDANT ALLREDI, LLC by delivering a .pdf copy by electronic mail pursuant to O.C.G.A. § 9-11-5(b) to the following:

David A. Sleppy
dsleppy@catheyandstrain.com
Christopher A. Jones
chris@ngalaw.com

This 16th day of September, 2022.

_____
Vincent Bushnell
Georgia Bar No. 098999

1