IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

|  |  |  |
|---|---|---|
| ROBERT TAYLOR CUSHMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:24-cv-02592-AT |
| | : | |
| AXXIOM MANUFACTURING, INC., | : | |
| ALREDI, LLC, | : | |
| | : | |
| Defendants. | : | |

## ORDER

This case is before the Court on a *sua sponte* review of the propriety of its removal from state court based on the existence of federal question jurisdiction.[1] As the Notice of Removal ("NOR") explains, this lawsuit was originally filed on August 3, 2023 in the State Court of Gwinnett County, Georgia. (Doc. 1 ¶ 1). In May 2024, Plaintiff filed a Third Amended Complaint ("TAC"), which purported to add a federal claim under 46 C.F.R. § 54.15-5(a). Based on the addition of that "federal question," Defendant Axxiom Manufacturing, Inc. removed the case to federal court under 28 U.S.C. § 1331. (Doc. 1 ¶¶ 5–8).

---

[1] "[I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Alabama v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999).

## I. Legal Standard

A defendant may remove to federal court any civil action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; *see* 28 U.S.C. § 1441(a) (outlining removal); *see also*, *Kemp v. IBM*, 109 F.3d 708, 711 (11th Cir. 1997) ("A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally"). "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint." *Jefferson County v. Acker*, 527 U.S. 423, 430–31 (1999); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.")

"A case 'aris[es] under' federal law within the meaning of § 1331 . . . if 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Empire Healthchoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689–90 (2006) (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 27–28 (1983)).

"A removing defendant bears the burden of proving proper federal jurisdiction." *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1294–95 (11th Cir. 2008) (quoting *Leonard v. Enterprise Rent a Car*, 279 F.3d 67, 972 (11th

Cir. 2002)). To meet his burden, the defendant "must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." *Id.* at 1295. As federal courts are courts of limited jurisdiction, doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994); *Adventure Outdoors*, 552 F.3d at 1294.

## II. Discussion

Here, the Court is unable exercise federal question jurisdiction over this case because—despite the NOR's argument to the contrary—the TAC does not appear to pursue a private cause of action created by federal law.

It has long been established that "the fact that a federal statute has been violated and some person harmed does not automatically give rise to a private cause of action in favor of that person." *Cannon v. Univ. of Chicago*, 441 U.S. 677, 688 (1979); *Turbeville v. Fin. Indus. Regul. Auth.*, 874 F.3d 1268, 1277 (11th Cir. 2017). "Like substantive federal law itself, private rights of action to enforce federal law must be created by Congress." *Alexander v. Sandoval*, 532 U.S. 275, 286 (2001). Although "[l]anguage in a regulation may invoke a private right of action that Congress through statutory text created, . . . it may not create a right that Congress has not." *Id.* at 291 (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560, 577 n.18 (1979)).

Here, the TAC does not purport to pursue a claim created by a federal statute. Instead, the "federal claim" pursued by the TAC—and cited as the basis for

3

removal by the NOR—is solely premised on the violation of federal regulation. "But it is most certainly incorrect to say that language in a regulation can conjure up a private cause of action that has not been authorized by Congress." *Love v. Delta Air Lines*, 310 F.3d 1347, 1353 (11th Cir. 2002) (quoting *Sandoval*, 532 U.S. at 291). It is "Congress through statutes, not the executive branch through regulations, [that] defines the subject-matter jurisdiction of federal courts." *Stew Farm, Ltd. v. Nat. Res. Conservation Serv.*, 767 F.3d 554, 563–64 (6th Cir. 2014).

Neither the TAC nor the NOR explain how the cited regulation creates a private right of action, and it does not appear to the Court that it does. At this juncture, it is not the Court's responsibility to search for a federal question or another basis for exercising subject matter jurisdiction over this lawsuit. Because Axxiom has not carried its burden of showing that removal is proper, it is appropriate to remand the case to the state court. *See Adventure Outdoors, Inc.*, 552 F.3d at 1295.

### III. Conclusion

Accordingly, the case is **REMANDED** to the State Court of Gwinnett County, and the Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 24th day of June, 2024.

_____
**Honorable Amy Totenberg
United States District Judge**